﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 200119-72867
DATE: August 31, 2020

ORDER

Entitlement to service connection for degenerative disc disease of the lumbar spine is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, the Veteran’s current lumbar spine disability is at least as likely as not related to his in-service lumbar strains. 

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran’s favor, the criteria for service connection for degenerative disc disease of the lumbar spine have been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1972 to February 1992.

The Board of Veterans’ Appeals (Board) notes that the Statement of the Case (SOC) on appeal was issued in January 2020. The Veteran timely appealed this SOC to the Board and requested hearing with a Veterans Law Judge. 

In June 2020, the Veteran testified at a virtual hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the electronic claims file.

The Veteran is seeking service connection for his lumbar spine condition.

A veteran is entitled to VA disability compensation if there is disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C. §§ 1110, 1131 (2012). 

To establish an entitlement to service connection for a disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims stated that “a veteran need only demonstrate that there is an ‘approximate balance of positive and negative evidence’ in order to prevail.” When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b) (2012). For VA to deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App., at 54.

First, the evidence of record shows the Veteran’s current degenerative disc disease of the lumbar spine. See e.g., July 2017 Back (Thoracolumbar Spine) Conditions Disability Benefits Questionnaire (DBQ). Thus, the Board finds that the first Shedden element for service connection is met.

As to the in-service incurrence of the disability, the Board notes that the Veteran had several complaints of low back pain in service and received treatments for lumbar strains. See e.g., April 28, 1981, September 7, 1987, August 3, 1988, and March 7, 1991 Service Treatment Records. Therefore, the Board finds that the second Shedden element for service connection is also met. 

As to the causal link between the Veteran’s current lumbar spine disability and in-service complaints and treatments, a VA examiner opined in July 2018 that the Veteran’s current lumbar spine condition was less as likely as not incurred or caused by in-service injury or event. The examiner noted that the evidence shows that the diagnosis was given more than 10 years after the Veteran’s separation and there were no radiologic reports in the service records for the lumbar spine despite periodic treatments for low back pain or back strain. The examiner also reasoned that a lumbar strain does not increase a person’s risk of developing degenerative disc disease. The examiner provided that a lumbar strain involves a muscle but degenerative disc disease involves a breakdown or degeneration of the intervertebral disc of the spine. 

However, in December 2018, a private physician T.S. disagreed with the VA examiner’s opinion and opined that it is as likely as not that the Veteran’s current diagnosis of chronic lumbar spine strain or degenerative disc disease is directly related to his service. Dr. T.S. pointed out that the VA examiner did not cite any medical literature to support her opinion. Dr. T.S. provided that it is scientifically irresponsible to state that a biologically plausible mechanism does not exist whereby a lumbar strain could contribute to the development of degenerative disc disease in the absence of a definitive understanding of the disease process by the experts in the field. Dr. T.S. noted that the muscular and skeletal systems of the lower back do not exist independent of one another and opined that it is very plausible that repeated muscular strains to the lower back would contribute to degeneration of the intervertebral discs of the lumbar spine. 

In light of the above, the Board finds that there is an approximate balance of positive and negative evidence as to the nexus between the Veteran’s current lumbar spine disability and his in-service incurrence of lumbar strains. 

Accordingly, the Board resolves reasonable doubt in the Veteran’s favor and finds that the Veteran’s entitlement to service connection for degenerative disc disease of the lumbar spine is warranted. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019). 

 

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. E. Kim, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.